## WEBBER v. BLAKE.

No. 5802.    Opinion Filed November 16, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 109.)

1.    **INDIANS—Indian Lands—Lease—Effect of Subleasing.** Where an Indian executes a written lease which provides that the lessee shall not sublease the premises without the written consent of the lessor and approval of the Secretary of the Interior, and further provides that, in the event the lessee does sublease such premises without the consent of the lessor and the Secretary of the Interior, the lease shall thereupon expire at the option and election of the lessor, with the approval of the Secretary of the Interior, **held,** that subleasing under such contract without the written consent of the lessor and the approval of the Secretary of the Interior renders such lease contract, not void, but only voidable at the option and election of the lessor and with the approval of the Secretary of the Interior.

2.    **SAME—Rights of Purchaser.** Where a party purchases land from an Indian which had been leased under a contract that, if it was subleased, the Indian at his option and election might terminate the lease, and the lessee months prior to the sale of the land had subleased it, but the Indian did not elect to terminate the lease, and sold it with this sublease in full force and effect, and the sublessee in possession, **held,** that the purchaser can only collect the rents provided for under this lease contract, from the date of his purchase until the expiration of the lease contract, and that the original lessee stands in the relation of surety to the sublessee for the rents provided for in the contract.

(Syllabus by Brett, C.)

*Error from County Court, Canadian County;*

*W. A. Maurer, Judge.*

Action by E. E. Blake against Henry Webber.   Judgment for plaintiff, and defendant brings error.   Modified and affirmed.

*W. M. Wallace,* for plaintiff in error.

*Blake, Boys & Shear,* for defendant in error.

Opinion by BRETT, C.   This action was commenced in the county court of Canadian county by the defendant in error, E. E. Blake, as plaintiff, against the plaintiff in error, Henry Webber, as defendant, to. recover certain rents alleged to be due.   The parties will be referred to as they appeared in the lower court; that is, Blake will be referred to as "plaintiff" and Webber as "defendant."

The material facts are that one George Curtis, an Indian, as the allottee of a certain quarter section of land lying in the outskirts of the city of El Reno, with the approval of the Secretary of the Interior, on July 1, 1907, leased 20 acres of this quarter to one B. H. Stewart, who was operating a butcher shop in El Reno, to be used by him for a slaughter pen and feed pen in the operation of his business.   This lease was for a period of three years, and the price to be paid was $75 per year, payable in semi-annual installments of $37.50 each.   The parts of the lease contract that are material to this litigation are the following:

"That he (the lessee) will not at any time during the period for which land and premises are herein leased, assign, lease, convey or transfer any of his or their estate, interest or term, or any part thereof in the same or the appurtenances thereto of the party of the first part or sublet the same to any person whomsoever without the consent of the party of the first part hereto in writing being first obtained and the same approved by the Secretary of the Interior.   *   *   *

"If the party of the second part shall in violation of this indenture and without the consent of the party. of the first part and the Secretary of the Interior, assign this lease or underlet or otherwise dispose of the whole or any part of said leased premises or use the same for any purpose save that hereinbefore authorized and agreed

upon, * * * then or in either event of such contingencies, this lease shall thereupon expire at the option and election of the party of the first part or his executors, administrators and assigns, with approval of the Secretary of the Interior without notice or demand from the said party of the first part."

In November, 1907, Stewart, the lessee, sublet this property to the defendant, Webber. February 22, 1908, Curtis, the Indian, sold this quarter section to the plaintiff, E. E. Blake. At that time the defendant, Henry Webber, was in possession of this 20 acres, and continued in possession until July 1, 1910, or till the expiration of the lease. In March, 1910, plaintiff, who then owned the quarter, commenced this action to recover rents for the period occupied subsequent to the date he purchased the farm, and he alleges:

"That the said defendant has so used and occupied said premises without previous arrangement or authority and without the consent of this plaintiff, and has neglected and refused to compensate this plaintiff for such use and occupancy, and still neglects and refuses to pay this plaintiff any rent or compensation for such use and occupancy. Plaintiff, further pleading, alleges that the reasonable rental value of said premises is the sum of $25 per month and that said defendant is now indebted to this plaintiff for the use and occupancy of said premises in the sum of $600."

The defendant answered by general denial; pleaded the lease contract of Stewart, and that the same was assigned to defendant by Stewart, and that Curtis, the Indian, and the Interior Department and the officers of the Indian Department, had recognized the rights of Stewart, and the defendant, to occupy the land; and further pleaded that Stewart and the defendant paid to the Indian, as lessor, all the moneys due on said lease. A trial was had,

which resulted in judgment for the plaintiff in the sum of $240; and from that judgment the defendant appeals.

There are many errors assigned; but, under the view we take of the case, it will only be necessary to discuss one feature of the case.

The plaintiff brought the action on the theory that the defendant occupied the premises without previous arrangement or special contract, and was therefore liable for the reasonable rental value of the same, and relies upon section 3802, Revised Laws 1910, and *Reeves & Co. v. Sheets,* 16 Okla. 342, 82 Pac. 487, and cases therein cited. But neither the statute nor these cases are in point under the contract in the case at bar. *Reeves & Co. v. Sheets, supra,* construes a contract only in part similar to the contract in the case at bar. That portion of the contract in that case set out in the opinion, and construed, is the following:

"That he (Spurlock) will not at any time during the period for which said land and premises are herein leased, assign, lease, convey or transfer any of his or their estate, or term, or any part thereof in the same, or the appurtenances thereto, or sublet the same to any person or persons whomsoever, without the consent thereto of the party of the first part (the Indian) in writing being first obtained and the same approved by the Secretary of the Interior."

And the court held that under that contract a subleasing of the real estate "without the consent of the Secretary of the Interior is void, and conveys no right by such subleasing, and that the sublease cannot be enforced." If the contract in the case at bar contained only the provisions above construed, that opinion would be in point. But in the case at bar the contract by

specific terms only renders a subleasing, without the written consent of the lessor and the approval of the Secretary of the Interior, voidable at the option and election of the lessor, under the approval of the Secretary of the Interior. We assume that the contract in *Reeves & Co. v. Sheets* did not contain the provision that:

"If the party of the second part shall in violation of this indenture and without the consent of the party of the first part and the Secretary of the Interior, assign this lease or underlet or otherwise dispose of the whole or any part of said leased premises or use the same for any purpose save that hereinbefore authorized and agreed upon, * * * then or in either event of such contingencies, this lease shall thereupon expire at the option and election of the party of the first part or his executors, administrators and assigns, with approval of the Secretary of the Interior."

For it is a well-settled rule of law that in construing a contract the intention is to be gathered, not from detached parts of the instrument, but from the whole of it; and all parts of the contract and every word and phrase of it shall, if possible, be given effect; and under this rule it is clear that the subleasing without the consent of the lessor, and the approval of the Secretary of the Interior, rendered the contract in this case voidable only "at the option and election" of the lessor; and even then his election to terminate the contract must be approved by the Secretary of the Interior. But in the case at bar the sublease was made November, 1907; and it appears the Indian did not, by reason of the sublease, elect to terminate the lease contract, and had not done so in February, 1908, when the plaintiff purchased from him. And the plaintiff certainly took the quarter section of land subject to all valid incumbrances and outstanding leases.

Consequently, it follows that the plaintiff, when he purchased from the Indian, stepped into his place, and assumed all the burdens, and was entitled to all the benefits and profits incident to the ownership of this land in the condition in which it was at the time of his purchase, which included the right to collect the rents under this contract on this 20 acres which accrued after the date of his purchase. He is entitled to recover this, and no more. And the fact that the defendant may have paid the Indian subsequent to the plaintiff's purchase can avail him nothing, since his mistake in paying the money to a party not entitled to it, through no fault of the plaintiff, cannot deprive the plaintiff of his rights. Under the contract under consideration, the principal effect that the consent of the lessor and the approval of the Secretary of the Interior to sublease would have upon the rights of the parties would be to discharge the original lessee from liability for the payment of the rent. But without this consent and approval he is not discharged from liability, but stands in the relation of surety to the party to whom he subleases. And the lessor or his assignee can proceed against either or both for the collection of the rents.

But the plaintiff did not recover upon the basis of this lease contract, and the amount recovered by him is in excess of that which under the contract was due to him. And we recommend that the judgment be vacated and the cause remanded, with directions to the trial court to enter judgment for the plaintiff for the amount due under the lease contract from the date of his purchase, until the expiration of the lease contract, and as modified that the judgment be affirmed, and that the costs of this appeal be equally divided.

By the Court: It is so ordered.